UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:02CV00970 HEA |
| | ) |
| THE CITY OF BERKELY, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment on the Issue of Liability, [#46]. Defendant has responded to the motion. For the reasons set forth below, Plaintiff's motion is denied.

Eleven Plaintiffs originally filed this cause of action on July 27, 2002, alleging discrimination and/or retaliation based on their race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Plaintiffs are or were firefighters for the City of Berkeley, Missouri and claimed they were harassed and/or terminated based on their status as African-Americans.

On February 23, 2004, a jury trial commenced in this matter. At the close of Plaintiffs' case on February 26, this Court sustained Defendant's Motion for Judgment as a Matter of Law, and on Counts I and III, directed verdict was granted in favor of Defendant and against Plaintiffs. Count II was dismissed on a motion made by Plaintiffs' counsel.

On March 29, 2004, Plaintiffs filed their Notice of Appeal. The Eighth Circuit, on May 31, 2005, reversed this Court's grant of judgment as a matter of law for the Defendant on Plaintiff Terry Tatum's Title VII racial discrimination and retaliation claims. The

judgment of this Court was affirmed in all other respects.  The case was remanded to this Court for further proceedings consistent with the Eighth Circuit's opinion.

Plaintiff Terry Tatum is the only remaining Plaintiff in this cause of action.  Tatum now moves for summary judgment on the issue of liability, claiming that Defendant rehired him pending the appeal of this matter on the condition that Tatum waive back-pay in his lawsuit.  Defendant argues that the conditions of Tatum's rehiring, if any, cannot be construed as an admission of liability on the part of Defendant.

A review of the record and the parties' pleadings, together with affidavits submitted, and in viewing the evidence in the light most favorable to the nonmoving party, shows that genuine issues of material fact exist.  The moving party, therefore, is not entitled to judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Issue of Liability, [#46], is denied.

Dated this 3rd day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE